IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STOCKTON EAST WATER DISTRICT,

    Plaintiff,                          CIV. NO. S-08-0563 GEB GGH

    vs.

UNITED STATES OF AMERICA,

    Defendant.                        ORDER
_____/

        Presently before the court is defendant's ex parte application for initial discovery extension, filed November 3, 2008. Plaintiff has filed an opposition. Defendant seeks an order extending its time to respond to discovery until defendant's pending motion for protective order to stay discovery has been decided. That motion is set to be heard on December 11, 2008.

        Defendant seeks to delay responding to discovery and eventually stay discovery until after its planned dispositive motion is briefed, heard and decided, contending that the dispositive motion will render consumption of judicial resources unnecessary.[1] The basis for the

\\\\\

\\\\\

---

[1] Currently under submission are cross-motions for summary judgment which pertain to count two of the amended complaint, for violation of the Freedom of Information Act.

1

dispositive motion will be that plaintiff has not complied with Article 12(d) of the contract[2] which provides that:

> if [Stockton East Water District] SEWD questions the Contracting Officer's factual determination, the Secretary's (here, by delegation, the Commissioner's) 'findings as to the facts' will be 'conclusive upon the parties.'  Any action is unripe because the SEWD has not gone to the Commissioner with its questioning of the Contracting Officer's factual determinations.  Because the Commissioner's findings are conclusive, there is no review beyond the Commissioner and any action is contractually barred.

Def.'s Ex Parte App., Ex. 3.

The opposition states that plaintiff has propounded very basic discovery focused on determining the Contracting Officer's identity; whether the Contracting Officer opined that there was a water shortage under Article 9; if so, what was the factual basis for that opinion; and why there has not been a consultation.  To that end, plaintiff has noticed three depositions, of the Bureau of Reclamation, the Contracting Officer for 2007, and the Contracting Officer for 2008, and served requests for admissions (set one).[3]  All requests and notices were served between October 1st and 3rd, 2008.

After reviewing the record, it appears that plaintiff's requested discovery is necessary to determine underlying factual matters pertinent to Article 12 of the contract and defendant's impending motion.  In order to oppose defendant's motion, plaintiff will need to discover the underlying facts.  Defendant has not stated whether its dispositive motion will be brought under Fed. R. Civ. P. 12(b)(1) in which case matters outside the record will be permitted, or as a summary judgment motion which will also require extra- record evidence.  In just reading the paragraph at issue, the ripeness issue would be one going to the jurisdiction of the court, and

---

[2] The underlying basis of count one of the amended complaint is breach of contract, specifically Article 9, for failure to deliver water under the contract for the years 2007 and 2008.

[3] The parties are to make initial disclosures by October 31, 2008 and that agreement is not contested by defendant.

a motion under Rule 12(b)(1) would be appropriate. Even if defendant were not planning to use extra-record material (doubtful), this does not mean that plaintiff should not be able to utilize such in opposition. Moreover, it appears that plaintiff would be prejudiced in responding to any Rule 12(b)(1) motion to dismiss/summary judgment if the previously requested discovery were not subject to quick and timely response and deposition. Therefore, defendant's ex parte application will be denied.

The undersigned is not by this order vacating defendant's motion for a protective order. Defendant might want to have the issue of a protective order fully heard in order to avoid further discovery. However, if defendant has thought over the matter, and does not desire to have the motion for protective order (to stay discovery) heard, defendant shall so notify the undersigned's Deputy Courtroom Clerk.

Accordingly, IT IS ORDERED that defendant's ex parte application to extend time for discovery responses, filed November 3, 2008, is denied.

DATED: 11/07/08

/s/ Gregory G. Hollows

U. S. MAGISTRATE JUDGE

GGH:076
SEWD0563.sty.wpd