IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
STOCKTON EAST WATER DISTRICT,        )
                                     )
            Plaintiff,               )   2:08-cv-0563-GEB-GGH
                                     )
      v.                             )   ORDER*
                                     )
UNITED STATES OF AMERICA,            )
DEPARTMENT OF THE INTERIOR,          )
BUREAU OF RECLAMATION, et al.,       )
                                     )
            Defendants.              )
                                     )
```

Pending are cross-motions for summary judgment on Plaintiff's Freedom of Information Act (the "FOIA") claims. These claims concern Plaintiff's requests that Defendant Bureau of Reclamation ("Reclamation") provide records relating to Reclamation's announcement that it would allocate less water to Plaintiff in 2007 than what is specified in a water supply contract made with Plaintiff in 1983 (the "1983 Contract").

Generally, FOIA requires a federal agency, "upon any request for records which (i) reasonably describes such records and (ii) is

---

\* This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, [to] make the records promptly available . . . ." 5 U.S.C. § 552(a)(3)(A).  An agency must "determine within 20 [working] days . . . after the receipt of any such request whether to comply with such request and [must] immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination." 5 U.S.C. § 552 (a)(6)(A)(i).

Defendants argue Plaintiff's FOIA claims are moot because Defendants have provided Plaintiff all records responsive to its requests.  Defendants rely on Papa v. United States of Am., 281 F.3d 1004, 1013 (9th Cir. 2002) (citation omitted), in which the Ninth Circuit stated "[p]roduction of all . . . material [that is responsive to a request], . . . moots FOIA claims."

Plaintiff counters the claims are not moot because Defendants have not shown that all responsive records have been produced; unreasonably delayed in responding to Plaintiff's FOIA requests; failed to notify Plaintiff whether any records were being withheld; and failed to inform Plaintiff of its right to appeal Defendants' adverse determinations on its FOIA requests.  Injunctive relief is appropriate where an agency has "repeatedly hindered the timely disclosure of [requested] documents . . . ." Long v. United States Internal Revenue Service, 693 F.2d 907, 909 (9th Cir. 1982),

Defendants rejoin they have conducted an adequate search and provide declarations concerning that search from Reclamation's FOIA Officer Kathleen Christian, and Mario Manzo, Regional Repayment Specialist of the Water Contracts, Transfers, and Banking Branch of

1 Reclamation.  Christian declares Reclamation conducted searches for
2 responsive records at each of its office locations that would likely
3 contain records relating to the 1983 Contract.  She identifies the
4 employees at each office location who conducted searches.  She
5 describes how the files were organized in each office and the criteria
6 used for each search.  She also describes the records that were found
7 and avers all responsive records were produced.  (Christian Decl. ¶¶
8 25-46; Christian Supp. Decl. ¶¶ 54-55.)  Manzo declares he searched
9 Reclamation's files and online Departmental Manual and found three
10 records responsive to Plaintiff's requests.  These three records were
11 provided to Plaintiff.  (Manzo Decl. ¶ 4; Christian Decl. Exhs. 17,
12 18, 19.)  These declarations show Defendants conducted an adequate
13 search in response to Plaintiff's FOIA requests and provided Plaintiff
14 the records found.

15 Plaintiff rejoins Defendants failed to timely respond to its
16 FOIA requests made in its March 7, 2007 letter.  Defendants contend
17 they had no obligation to respond to this letter because the letter
18 was not a proper FOIA request, citing Thomas v. F.C.C., 534 F. Supp.
19 2d 144, 145 (D.C. Cir. 2008) (citations omitted), in which the court
20 held "[a]n agency's obligation under the FOIA does not arise . . .
21 until a proper request is received."  Defendants argue under 43 C.F.R.
22 § 2.8 (b)(1), § 2.8 (d)(1), and § 2.10, a proper FOIA request should
23 include a confirmation that the requester is willing to pay all fees
24 associated with its request, have the words "FOIA REQUEST" prominently
25 displayed on the request letter, and be addressed to Reclamation's
26 FOIA Officer.  Christian declares Reclamation staff did not process
27 the March 7 letter as an FOIA request because they "perceived it to be
28 part of [the] longstanding and ongoing communications and litigation

between [Plaintiff] and Reclamation regarding [the 1983 Contract]." (Christian Decl. ¶ 13.)  Plaintiff rejoins its March 7 letter was a proper FOIA request which contained the words "Freedom of Information Act" and did not have to comply with the advisory regulations cited by Defendants.  However, the reference to the FOIA in that letter was in a context which did not clearly show the letter was meant to be a request under the FOIA.  The reference is in the last paragraph of Plaintiff's discussion concerning its disappointment about the reduction of water and states: "[Plaintiff is] entitled to [the] information [requested] pursuant to the terms of its 1983 Contract with [Defendants] as well as the Freedom of Information Act." (Spaletta Decl. Exh. B; Christian Decl. Exh. 1.)  This sentence is followed by text which includes matters that are not appropriate for a FOIA request.  In light of the context in which the FOIA is mentioned, Defendants' interpretation of this letter as a non-FOIA request does not weigh in favor of granting Plaintiff's requested equitable relief.

Plaintiff also argues Defendants failed to timely respond to its April 11, 2007 letter, which was a proper FOIA request since it was addressed to Reclamation's FOIA Officer Kathleen Christian, and stated "FOIA Request" in the subject line.  The April 11 letter also enclosed the March 7 letter, and referred to that enclosed letter as part of its April 11 FOIA request.  (Spaletta Decl. Exh. C.) Defendants counter Plaintiff's April 11 letter was not a proper FOIA request because it did not "describe the requested records in enough detail to enable an employee familiar with the subject area of the request to locate the record(s) with a reasonable amount of effort," as required by 43 C.F.R. § 2.8 (a)(1).  However, since it was clear that Plaintiff was making FOIA requests in its April 11 letter, if

4

Defendants opined that letter did not sufficiently describe the requested records, Defendants were required under 43 C.F.R. § 2.8 (a)(2) to "contact [Plaintiff] to identify and clarify the records [Plaintiff was] seeking."

Plaintiff also argues Defendants failed to timely respond to its FOIA requests made in its June 28, 2007 letter since Defendants failed to produce the requested records within twenty working days of receiving that letter, citing <u>South Yuba River Citizens League v. National Marine Fisheries Service</u>, No. CIV. S-06-2845, 2008 WL 2523819 at *5 (E.D. Cal. June 20, 2008) (citations omitted), in which the court held "[a]lthough the statute in terms provides that an agency must merely notify the requester within twenty days of whether [it would] respond to the request, courts consistently treat the twenty-day deadline as the agency's deadline to provide the responsive documents."  Defendants rejoin they were not required to produce the requested records within twenty working days of receiving Plaintiff's June 28 letter because that letter only confirmed that Plaintiff would pay copying costs, but did not state Plaintiff would pay search and review costs as well, as required by 43 C.F.R. §§ 2.8 (b)(1), 2.16. 43 C.F.R. § 2.8 (b)(1) states an agency does "not begin processing [a FOIA] request until [] written assurance [to pay costs] has been received."  Thus, Defendants properly responded within twenty working days of Plaintiff's June 28, 2007 letter that they would not comply with Plaintiff's requests until they received confirmation of Plaintiff's willingness to pay all costs.  After receiving Plaintiff's confirmation of its willingness to pay all costs on July 25, 2007, Defendants timely produced the requested records in a August 22, 2007 letter within twenty working days of receiving the confirmation.

1          Plaintiff also argues Defendants failed to timely produce
2   all responsive records in their August 22, 2007 response since
3   Defendants later agreed they had additional records they would
4   produce.  Plaintiff's counsel Jennifer L. Spaletta declares "[a]t [a]
5   meeting [held on September 24, 2007], Reclamation verbally agreed to
6   provide the requested information to Stockton East . . . ."  (Spaletta
7   Decl. ¶ 20.)  Defendants object to the phrase, "the requested
8   information," arguing it is vague; the objection is sustained.
9   Plaintiff has not shown that additional records existed which
10  Defendants agreed to produce.

11         Plaintiff also argues Defendants failed to respond to its
12  FOIA requests made in its October 1, 2007 letter.  Spaletta declares
13  this letter "demand[ed] the records that Reclamation was required by
14  the [1983] Contract and the FOIA to provide, and that Reclamation had
15  verbally agreed to produce."  (Spaletta Decl. ¶¶ 22-28 & Exh. M.)
16  Defendants counter Spaletta's averment mischaracterizes the October 1,
17  2007 letter because this letter did not request any records; rather,
18  it asked questions about Plaintiff's rights under the 1983 Contract.
19  Defendants argue they were not obligated to respond to those
20  questions, citing <u>NLRB v. Sears, Roebuck & Co.</u>, 421 U.S. 132, 161-62
21  (1975), in which the United States Supreme Court held the FOIA "only
22  requires disclosure of . . . documents . . . . [It does not] require[]
23  the agency to create explanatory material."  Defendants further argue
24  this letter was not a proper FOIA request because it was not addressed
25  to Reclamation's FOIA Officer and did not make any reference to the
26  FOIA.  The October 1 letter was a follow-up letter to a meeting
27  between Plaintiff and representatives of Reclamation concerning
28  Reclamation's 2007 water allocations under the 1983 Contract.  Since

1  the letter asked questions which are not appropriate for a FOIA
2  request, was not addressed to Reclamation's FOIA Officer, and did not
3  make any reference to the FOIA, Defendants were not required to
4  respond to it under the FOIA.
5         Plaintiff also argues Defendants' production of three
6  additional records in a February 14, 2008 letter was an untimely
7  response to Plaintiff's June 28, 2007 request for "evidence of a
8  delegation of authority" from the Secretary of the Interior to the
9  Regional Director to act as the "Contracting Officer pursuant to
10 Article 9(a) of the" 1983 Contract.  (Spaletta Decl. Exh. P; Christian
11 Decl. Exhs. 16-19.)  Two of these three records are sections of the
12 Department of the Interior's Departmental Manual, showing the
13 authority of the Secretary of Interior to delegate his powers, and a
14 list of functions delegated to the Commissioner of Reclamation.
15 (Christian Decl. Exhs. 17, 18.)  The third record is a memorandum
16 dated March 3, 1998, in which the Commissioner delegated authority to
17 the Regional Director to approve and sign water supply contracts.
18 (Christian Decl. Exh. 19.)  Defendants counter "[d]elay in locating a
19 document is significant only to the extent that evidence shows that
20 the delay resulted from bad faith refusal to cooperate," citing
21 Maynard v. CIA, 986 F.2d 547, 564 (1st Cir. 1993) (internal quotations
22 and citations omitted).  Manzo declares these three records were found
23 in a search concerning the Secretary's delegation of authorities in
24 general, conducted as part of his response to Plaintiff's October 1,
25 2007 letter in which Plaintiff inquired about the roles of the
26 Regional Director and the Secretary.  Christian declares the search
27 conducted in response to Plaintiff's June 28 request focused on the
28 Secretary's delegation of authority specifically relating to the 1983

1  Contract.  The record does not support Plaintiff's claim "that the
2  delay resulted from bad faith refusal to cooperate."  <u>Maynard</u>, 986
3  F.3d at 564.
4          Plaintiff also argues Defendants did not timely produce
5  certain "historical records" that were identified in Defendants' May
6  20, 2008 response.  (Spaletta Decl. ¶ 37 & Exh. V.)  Defendants
7  counter with declarations from Christian and Paul Fujitani, Chief of
8  the Water Operations Division responsible for allocating water to
9  Plaintiff under the 1983 Contract, who aver these historical records
10 were previously provided to Plaintiff through discovery in a prior
11 litigation between them.  (Christian Decl. ¶ 43; Fujitani Decl. ¶ 3.)
12 These records were referenced in Defendants' June 1, 2007 response to
13 Plaintiff's March 7, 2007 letter, in which Defendants stated
14 historical records have "been provided to [Plaintiff] in prior
15 submittals to [Plaintiff]."  (Spaletta Decl. Exh. F ¶ 5, 11; Christian
16 Decl. Exh. 5 ¶ 5, 11.)  Fujitani also declares Defendants "explained
17 to [Plaintiff during the meeting on September 24, 2007] the subject
18 matter of the records that Reclamation has described as records
19 previously submitted to [Plaintiff]."  (Fujitani Decl. ¶ 5.)  Fujitani
20 further declares "[a]fter [Reclamation's] explanation, [Plaintiff]
21 said that it was not necessary for [Reclamation] to furnish the
22 previously-submitted records."  (Fujitani Decl. ¶ 5.)  The record does
23 not show Defendants failed to timely produce these historical records.
24          Lastly, Plaintiff argues Defendants failed to notify
25 Plaintiff whether any records were being withheld and failed to inform
26 Plaintiff of its right to appeal Defendants' adverse determinations on
27 its FOIA requests.  Defendants counter it was clear from the face of
28 their August 22, 2007 response that no documents were being withheld;

the letter stated that the records found were enclosed with the letter.  (Spaletta Decl. Exh. L; Christian Decl. Exh. 12.)  Defendants further argue since they did not make any "adverse" determinations, they were not required to notify Plaintiff of a right to appeal, citing Oglesby v. United States Dep't of Army, 920 F.2d 57, 65 (D.C. Cir. 1990) (citations omitted) (emphasis added), in which it is indicated that a response only needs to include a "notice of the right of the requester to appeal . . . *if the initial agency decision is adverse*."  Since the record reveals Defendants' August 22, 2007 letter did not contain any adverse decisions on Plaintiff's FOIA request, Plaintiff has not shown Defendants were required to notify Plaintiff of a right to appeal.

     In light of the record showing that only one of Defendants' responses to Plaintiff's FOIA requests failed to comply with the FOIA, and the nature of that failure and of Defendants' other FOIA responses, Plaintiff has not shown equitable powers should be used in this action.

     Therefore, Defendants' motion on the mootness ground is granted and Plaintiff's motion is denied.

Dated:  December 18, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge